Pr. 59, 62; Greater New York Charter, §§ 1035, 1038.) Young, Kapper, Hagarty, Carswell and Davis, JJ., concur. Settle order on notice.

MEYER FELDMAN, Appellant, v. GOLD THEATRE CORPORATION, a Domestic Corporation, Respondent.— Judgment dismissing complaint unanimously affirmed,. with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ.

In the Matter of the Application of EDGAR W. LEONARD and Others, Copartners Doing Business under the Firm Name and Style of MOORE, LEONARD & LYNCH, and Others, Appellants, for the Appointment of Appraisers to Appraise the Value of the First Preferred Stock of A. C. HORN COMPANY, Respondent, Pursuant to Sections 21 and 38 of the Stock Corporation Law and for an Order Directing the Payment of Such Appraised Value. In the Matter of the Application of A. H. GARNER, Appellant, for the Appointment of Appraisers to Appraise the Value of the First Preferred Stock of A. C. HORN COMPANY, Respondent, Pursuant to Sections 21 and 38 of the Stock Corporation Law and for an Order Directing the Payment of Such Appraised Value.— Order denying application to appoint appraisers and to direct payment of the amount appraised affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ., concur.

In the Matter of the Application of WILLIAM McGOVERN, Respondent, for a Mandamus Order against THEODORE TOPLITZ and Others, as Commissioners of Civil Service of the City of Long Beach, and Others, Appellants.— Peremptory mandamus order reversed on the law and the facts, without costs, and motion granted, without costs, to the extent of directing that an alternative mandamus order issue, to determine the following questions of fact: 1. Was the transfer of the petitioner made with the consent of the heads of departments as provided by rule 27 of the civil service regulations of the city of Long Beach? 2. Was the transfer made in good faith? 3. If said transfer was not made with such consent, or if not made in good faith, was the quality and nature of the work required of the petitioner in the water department substantially the same as the quality and nature of the work required of Thompson, who was appointed to the water department after the petitioner was appointed? No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ.

In the Matter of the Application of OSCAR VATET and MT. PLEASANT BANK AND TRUST COMPANY, Respondent, against THE SCARBOROUGH SCHOOL, Appellant, for an Order Requiring Said Defendant to Submit Certain Differences between the Parties to Arbitration.* — Order directing that the issue as to the existence of a contract between plaintiff Vatet and the defendant, The Scarborough School, be referred to the Special Term for trial, and the order thereafter entered upon a decision affirming the validity and enforcibility of the agreement for arbitration entered into by plaintiff Vatet and the defendant, The Scarborough School, and directing the defendant to proceed to arbitration pursuant to said contract, unanimously affirmed, without costs. Order denying the defendant's motion to dismiss the petition in so far as the Mt. Pleasant Bank and Trust Company is concerned and to strike out the Mt. Pleasant Bank and Trust Company as a party plaintiff reversed on the law and the facts, without costs, and the motion granted, without costs. The appeal from the order preceding the last mentioned order, which denied defendant's motion to strike the name of the Mt. Pleasant Bank and

---

* Motion to dismiss appeal denied, 264 N. Y. 703.